DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

CHRISTOPHER GLEASON,

Appellant,

v.

JULIE MARCUS, in her official capacity as Pinellas County
Supervisor of Elections,

Appellee.

No. 2D2024-2688
_____

May 13, 2026

Appeal from the Circuit Court for Pinellas County; Patricia A. Muscarella,
Judge.

Christopher Gleason, pro se.

Jared D. Kahn, Senior Assistant County Attorney, Clearwater, for
Appellee.


PER CURIAM.

Christopher Gleason seeks review of a final order dismissing his
complaint with prejudice. We conclude that his arguments lack merit,
and we affirm the order without further comment on the issues raised.
But we are compelled to comment on Mr. Gleason's apparent use of
artificial intelligence to prepare the briefs he filed with this court. His
briefs cite numerous cases that do not exist, and they frequently quote
case law for propositions that appear nowhere in the cases cited.

We have cautioned on the dangers of using generative artificial intelligence before, *see, e.g., Russell v. Mells*, 426 So. 3d 913, 920 (Fla. 2d DCA 2025), and we again sound the alarm. "This technology is very good at *sounding* right, but less adept at *being* right," and "blind reliance" on it is unwise, unacceptable, and sanctionable. *See Gouveia v. Meridian Fin. Invs., LLC*, No. 4D2025-0843, 2026 WL 816497, at *3 (Fla. 4th DCA Mar. 25, 2026) (Lott, J., concurring); *see also Gutierrez v. Gutierrez*, 399 So. 3d 1185, 1187–88 (Fla. 3d DCA 2024) (sanctioning pro se litigant for citing multiple nonexistent cases in his appellate briefs).

We notify Mr. Gleason that future filings of this nature will not receive favorable treatment, and we remind all litigants—both pro se and represented—that they must ensure the accuracy of their filings or risk the consequences. *See* Fla. R. App. P. 9.045(d); Fla. R. Jud. Admin. 2.515(d)(2); *Francois v. Vive Fin., LLC*, No. 4D2025-2088, 2026 WL 758289, at *1 (Fla. 4th DCA Mar. 18, 2026); *Goya v. Hayashida*, 418 So. 3d 652, 655 (Fla. 4th DCA 2025); *cf. Hessert v. Hessert*, No. 6D2026-0121, 2026 WL 785016, at *2 (Fla. 6th DCA Mar. 20, 2026) ("If and when any such erroneous filings [containing nonexistent cases or inaccurate legal propositions] are made . . . , filers on the opposite side of the case should point out such errors . . . in their responsive filings or via motion."); *Noland v. Land of the Free, L.P.*, 336 Cal. Rptr. 3d 897, 915 (Cal. Ct. App. 2025) (denying sanctions payable to opponents who "did not alert the court to the fabricated citations" and awarding sanctions payable to the court instead).

KELLY, ROTHSTEIN-YOUAKIM, and LABRIT, JJ., Concur.

———————————————————

Opinion subject to revision prior to official publication.